## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19-CR-30044-NJR |
| | ) No. 18-CR-30135-NJR |
| | ) |
| ANTHONY DOBBINS, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT DOBBINS' SENTENCING MEMORANDUM

Comes now defendant, Anthony Dobbins, by and through his attorney, Gregory N. Smith, and hereby files the following Sentencing Memorandum for both cases now pending sentencing.

**I.   Introduction**

Mr. Dobbins respectfully submits this memorandum in order to provide information to assist the Court in evaluating the facts of these cases and in fashioning a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C. §3553(a) in light of United States v. Booker, 125 S.Ct. 738 (2005).

Booker restored the district court's ability to fashion a sentence tailored to the individual circumstances of the cases and Mr. Dobbins by requiring courts to consider factors other than the sentencing range presumed by the United States Sentencing Guidelines.  Indeed, under Section 3553(a) courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

## II.   Plea Agreement

### A.  3:18CR30135NJR

On December 19, 2018, Mr. Dobbins pled guilty to Count 1 of the Indictment charging Mr. Dobbins with possession with intent to distribute heroin and cocaine in violation of 21 USC §841(a)(1) and (b)(1)(B)(i).  As to Count 1, Mr. Dobbins admitted he possessed approximately 200 grams of heroin and approximately 90 grams of a substance containing cocaine base.

The parties agreed that Mr. Dobbins' offense level would start at a level 24 as the amount of heroin attributable to Mr. Dobbins was between 100 and 400 grams.  The parties further agreed that 2 levels should be added because Mr. Dobbins maintained the premises for drug distribution, and 2 more levels should be added for obstruction of justice.  After a 3-level reduction for acceptance of responsibility, the parties agreed that Mr. Dobbins' total offense level was 25.  The parties also estimated that Mr. Dobbins' had amassed 5 criminal history points, placing him in criminal history category III.

Based upon a total offense level of 25 and a criminal history category of III, the parties estimated the sentencing guideline range would be 70-87 months.  Knowing this estimated guideline imprisonment range, the government agreed to recommend to the Court a sentence of 60 months imprisonment.  The government further agreed to recommend to the Court a sentence at the low end of the guideline range on the petition to revoke supervised released in case number 3:01CR30026NJR.  The guideline range of

imprisonment for the supervised release violation is 51-63 months. Therefore, the government agreed to recommend a sentence of 111 months imprisonment.

### B.  3:19CR30044

On April 30, 2019, Mr. Dobbins pled guilty to Counts 1-4 of the Indictment charging him with two Counts of influencing a federal officer by threat and two Counts of mailing a threatening communication. Specifically, Mr. Dobbins admitted that on March 18, 2019, he placed two letters in the Alton jail mail, addressed to Bureau of Prisons (BOP) officials in Kansas City, MO and Washington, DC. The letters contained threats to BOP staff members.

There was no plea agreement between Mr. Dobbins and the government.

### III.    Presentence Investigation Report Guidelines Calculation & Range
####    A.  3:18CR30135NJR

The Presentence Investigation Report (PSR) as prepared by the United States Probation Office calculated a Base Offense Level of 26 pursuant to USSG §2D1.1(c)(7) as the converted drug weight was calculated at 525.96 kilograms. This Base Offense Level is two levels greater than what was agreed to by the parties in the plea agreement. After certain adjustments were applied, the Total Offense Level was 27, rather than the parties' agreed upon level of 25. Additionally, the PSR calculated nine criminal history points, placing Mr. Dobbins in criminal history category IV. The parties did not count three criminal history points for a State of Illinois unlawful possession of a stolen vehicle conviction that was ordered to run concurrent to Mr. Dobbins' prior federal case in cause number 3:01CR30026. Additionally, the parties did not include an additional criminal

history point pursuant to §4A1.1(e) with respect to Count 2 of the prior federal matter in case number 3:01CR30026. After reviewing the initial PSR, Mr. Dobbins agreed with the calculations set forth therein. Mr. Dobbins further agreed with the PSR's guideline imprisonment range of 100-125 months.

### B. 3:19CR30041NJR

The Presentence Investigation Report (PSR) as prepared by the United States Probation Office calculated a Base Offense Level of 12 pursuant to USSG §2A6.1(a)(1). Six levels were added pursuant to §3A1.2(b) as the victim in this case was a government employee and the offense of conviction was motivated by such status. Therefore, the Total Offense Level for this case is calculated to be 18.

### C. Grouping and Total Offense Level

Due to the fact that there are now two cases, the probation office must make a determination whether or not the cases can be grouped together. The PSR indicates that Count 1 in 3:18CR30135NJR is prohibited from being grouped with Counts 1-4 in 3:19CR30044NJR. After making certain multiple count adjustments and other reductions, the PSR calculated a Total Offense Level for both cases and all Counts at 28. Mr. Dobbins filed an objection to this calculation and won't go into the reasoning for the objection in this memorandum. What is worth noting here is that Mr. Dobbins believes his Total Offense Level should be 27, and AUSA Ali Summers agrees with this calculation. With respect to the criminal history calculation, an additional criminal history point was added for the conviction in 18CR30135NJR. Therefore, ten criminal history points places Mr. Dobbins in criminal history category V. Based upon a Total

Offense Level of 27 and a criminal history category of V, Mr. Dobbins believes the sentencing guideline imprisonment range should be 120-150 months.

IV.     **Mr. Dobbins' Position Regarding his Sentence**

Should the Court grant Mr. Dobbins' objection to the Total Offense Level and resulting guideline imprisonment range, Mr. Dobbins will request a sentence below the range of 120-150 months.  As pointed out above, the government recommended a sentence of 60 months, consecutive to the 51 months for the supervised release violation, for a total of 111 months imprisonment.  This recommendation was made at the time of the guilty plea in 3:18CR30135.  Upon reviewing the initial presentence report in which the Total Offense Level and criminal history category were both increased, the resulting guideline range was 100-125 months imprisonment.  The government still agreed that the initial recommendation of 111 months for all matters was still appropriate.

Mr. Dobbins acknowledges that his conduct and conviction in 3:19CR30044 is to be considered post-plea misconduct and a breach of the initial plea agreement.  He further understands that the government will no longer recommend to the Court a sentence of 111 months.  However, Mr. Dobbins still wants to remind the Court that the government believed the appropriate sentence in 3:18CR30135 was 60 months, despite the fact that the low end of the guideline range was 100 months.

Mr. Dobbins asks the Court to consider the following:

1. Mr. Dobbins was given a total sentence of 220 months imprisonment in case number 3:01CR30026.  He is now facing a minimum of 51 additional months on the supervised release violation, and up to the statutory maximum of 60 months.

And this sentence is to be served *consecutively* to any sentence imposed on the two pending cases.

2. Standing alone, the total offense level for 3:19CR30044 would be level 15 after acceptance of responsibility. At criminal history category V, his guideline range would be 37-46 months.

3. If given the low end of the estimated guideline range (37 months) in 3:19CR30044 and then imposed consecutively to the 60 months originally recommended in 3:18CR30135, the total time would be 97 months.

4. If a sentence of 51 months is imposed on the supervised release violation, and then ordered to run consecutively to the 97 months, the total term of months would be 148.

5. While the above method is not used in the PSR, it still results in a sentence that reflects the seriousness of the offenses, promotes respect for the law and provides adequate deterrence for future crimes by Mr. Dobbins or others. Furthermore, the above calculation yields a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C. §3553(a). Mr. Dobbins is 51 years old, and a sentence of 148 months imprisonment would keep him confined into his 60's.

Additionally, Mr. Dobbins asks this Court to recommend to the Bureau of Prisons that he participate in the Residential Drug Abuse Program (RDAP) during his period of incarceration. Mr. Dobbins further states to the Court that he does not have the present ability to pay a fine and therefore asks that no fine be imposed in these matters.

Respectfully submitted,

*/s/ Gregory N. Smith*
GREGORY N. SMITH #58482MO
Grant, Miller & Smith, LLC
7733 Forsyth Blvd., Suite 1850
St. Louis, MO  63105
(314) 721-6677 (314) 721-1710 FAX
Attorney for Defendant Dobbins

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I filed the foregoing in the above mentioned action with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Ali Summers, Assistant United States Attorney.

*/s/ Gregory N. Smith*