**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 18-CR-30135-NJR |
| | ) | 19-CR-30044-NJR |
| | ) | |
| ANTHONY DOBBINS, | ) | |
| | ) | |
|      Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes, the United States of America, by Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, through Ali Summers, Assistant United States Attorney, who provides the Court with the Government's Sentencing Memorandum. The Government states as follows:

### I.     INTRODUCTION

Anthony Dobbins appears for sentencing after being convicted of possession with intent to distribute heroin and cocaine, two counts of influencing a federal official by threat, and two counts mailing a threatening communication - all offenses which he committed very shortly after he was placed on supervised release for his 2001 federal conviction for Armed Bank Robbery and Use of a Firearm During a Crime of Violence. Evidence shows that on August 10, 2018 when officers arrived at an apartment to arrest Dobbins for violations of his federal supervised release, Dobbins threw two large bags of pressed heroin and one large bag of crack-cocaine out of the upstairs window of the apartment. In total, the bags contained over 200 grams of heroin and 90 grams of crack cocaine. When officers searched the apartment after Dobbins' arrest, they also found a small

bag containing approximately 8 grams of heroin on the bed in Dobbins' bedroom as well as two digital scales, packaging materials, drug ledgers, and a full box of .40 caliber ammunition in the apartment.

On December 19, 2018, Dobbins plead guilty to possession with intent to distribute heroin and cocaine pursuant to a plea agreement with the Government in case number 18-CR-30135. While in custody in the Alton jail awaiting sentencing for the drug charges, Dobbins placed in the mail two threatening letters addressed to the Director of the Bureau of Prisons in Washington D.C. and the Director of the North Central Regional Office of the Bureau of Prisons in Kansas City, Kansas. In the letters, Dobbins made overt and explicit threats to kill the first Bureau of Prisons employee that he could get his "uncuffed hands on" as soon as he was transferred to BOP. When questioned about the letters, Dobbins admitted writing them and stated that he truly intends to kill the first employee he can attack because he believes BOP was responsible for having his supervised release violated by conducting surveillance on him and alleging he was involved in a murder in Chicago. Dobbins stated that he believed BOP was harassing and mistreating him because of he is a high-ranking member of the Gangster Disciples. Dobbins was adamant he would kill an employee to "send a message" to BOP and that he would use a homemade weapon or his bare hands if necessary. On April 2, 2019, the grand jury returned a four-count indictment against Dobbins for these offenses in case number 19-CR-30044. Dobbins plead guilty absent any plea agreement to the new charges on April 20, 2019.

On May 16, 2019, the Probation Department filed a Revised Presentence Report that incorporates the offense conduct and guideline calculation as to both cases and all charges. The Probation Department determined that Dobbins has a total offense level of 28 and a criminal history category of V, resulting in an advisory guideline range of 130 to 162 months'

imprisonment. However, the Government submits that the total offense level is actually 27 because U.S.S.G. § 3D1.4 directs that there would be no increase in offense level when only one unit is calculated under the grouping rules. If the total offense level is 27, the resulting advisory guideline range would be 120 to 150 months' imprisonment.

Because Dobbins committed new criminal offenses while awaiting sentencing on his conviction for possession with intent to deliver heroin and cocaine, the Government asserts that Dobbins is in breach of the plea agreement entered in case number 18-CR-30135 and the Government is free to recommend any sentence within the applicable statutory range of the offenses of conviction. Having analyzed the sentencing factors under 18 U.S.C. § 3553(a) as fully described below, the Government recommends that an appropriate sentence is 150 months' imprisonment which should run consecutive to the sentence imposed for Dobbins' violation of his supervised release – for which the Government recommends 51 months' imprisonment.

## II.   ANALYSIS OF SECTION 3553(A) SENTENCING FACTORS

### A.  The nature and circumstances of the offense and the history and characteristics of the defendant.

#### 1.  The nature and circumstances of the offense

The nature and circumstances of the offenses are extremely serious. First, Dobbins was in possession of over 200 grams of heroin and 90 grams of cocaine which he intended to sell to others. As this Court is aware, heroin is a terribly dangerous and addictive opiate that is strongly associated with overdose deaths. Evidence has shown that heroin is likely the most deadly drug dealt illegally. Opioids are a class of drugs that include heroin as well as prescription pain relievers such as oxycodone, hydrocodone, codeine, morphine, fentanyl and others. Opiates are highly addictive, readily available, fairly inexpensive, and - depending upon the form - can be snorted, smoked, injected intravenously, or taken in capsule form. Opioid dependence is a monumental problem in

3

the United States. Of the 20.5 million Americans 12 years of age or older who had a substance use disorder in 2015, 2 million had a substance use disorder involving prescription pain relievers, while 591,000 had a substance use disorder involving heroin.[1]

Once a person begins to use heroin, the consequences can be catastrophic. Drug overdose deaths continue to increase in the United States.[2] From 1999 to 2017, more than 700,000 Americans died from drug overdoses.[3] In 2017, the number of overdose deaths involving opioids (including prescription opioids and illegal opioids such as heroin and fentanyl) was 6 times higher than in 1999.[4] The CDC reports that approximately 68% of the more than 70,200 drug overdose deaths in 2017 involved an opioid.[5] On average, 130 Americans die every day from an opioid overdose.[6]

Heroin dealers like Dobbins are intentionally contributing to the increasing population of heroin users and the increasing number of overdose deaths. It is one thing to hustle a small amount of drugs to support a habit - but it is a marked escalation, and a dramatically greater threat to public safety, for a person to sell large quantities of heroin. A lethal dose of heroin can be as little as 200 *milligrams*. Dobbins had in his possession over 200 grams of heroin and 90 grams of cocaine with the intent to sell it to others within only five months of being placed on supervised release after a 19 ½ year sentence for Armed Bank Robbery.

---

[1]   Center for Behavioral Health Statistics and Quality. (2016). Key substance use and mental health indicators in the United States: Results from the 2015 National Survey on Drug Use and Health (HHS Publication No. SMA 16-4984, NSDUH Series H-51). Retrieved from http://www.samhsa.gov/data/

[2]   http://www.cdc.gov/drugoverdose/epidemic/
[3]   Id.
[4]   Id.
[5]   Id.
[6]   Id.

Then, after pleading guilty to possession with intent to distribute heroin and cocaine, Dobbins made overt and explicit threats to kill staff members of the Bureau of Prisons and adamantly stated that he fully intends to follow through with his threats once he is transferred into BOP custody. During the recorded interview, when directly asked whether it was truly his intention, Dobbins stated: "Ain't no question. No doubt about it." Dobbins further stated that they only way BOP could try to prevent it would be to send him back to the supermax prison where he is isolated. Dobbins also stated during the recorded interview: "I don't play well with others. I will kill one of the inmates or staff if they make me mad because I have a violent streak sometimes I can't control." By these statements, Dobbins demonstrated that he is not just a drug dealer trying to get by after a long stint in prison. Dobbins' unwavering statement of his intent to kill a staff member simply because he does not like how he was treated once he was released from BOP demonstrates just how violent and dangerous he truly has been and will be regardless of any threat of punishment. These statements give both a clearer picture of the seriousness of Dobbins' crimes and harrowing insight into his character that unquestionably supports the total recommended sentence of 201 months' imprisonment.

## 2. History and Characteristics of the Defendant

Dobbins' lengthy and violent criminal history and repeated disregard for the law also demonstrates that he is a serious danger to the community and at a great likelihood to reoffend. Dobbins is 51 years old and has been in prison or on parole for all of his adult life. Dobbins was convicted of his first adult felony for burglary at the age of 16 years. (PSR ¶ 58). In 1985, Dobbins broke into a woman's home and forcibly raped her at knife point. (PSR ¶ 60-61). He was sentenced to 10 years in the Illinois Department of Corrections for those offenses and released on parole in January 1991. (PSR ¶ 60-61). Within less than five months of being released on parole, Dobbins

was found in possession of a stolen car. (PSR ¶ 62). Over the course of his next seven months on parole, Dobbins was twice more charged with offenses relating to motor vehicles and attempted burglary of a vehicle. (PSR ¶ 63-65). Dobbins plead guilty to these offense and was sentenced to another 10-year term in the Illinois Department of Corrections for the 1992 vehicle offense. (PSR ¶ 62-65).

Within two months of being released on parole for those offense, in October 1996, Dobbins was again in possession of a stolen car for which he was sentenced to three years in IDOC. (PSR ¶ 65 & 69). He was paroled in January 1998 for that offense and within 10 days was again arrested for possession of a stolen vehicle. (PSR ¶ 69 & 70). Dobbins was again sentenced to three years in IDOC and discharged on parole in 1999. (PSR ¶ 70). His parole was violated for commission of a new offense and he was released on parole a second time in March 2000. (PSR ¶ 70). By July 2000, he was in possession of another stolen car. (PSR ¶ 72). And in March 2001, Dobbins committed an armed bank robbery in the Southern District of Illinois during which he held the bank employees at gunpoint, taped their mouths, hands and feet and threatened to kill them if they did not comply with his demands. (PSR ¶ 73). Dobbins was convicted of armed bank robbery and use of a firearm during a crime of violence for which he was sentence to a total of 234 months' in the Bureau of Prisons. (PSR ¶ 73).

Even while in state and federal prison, Dobbins committed criminal offenses and engaged in other behavior resulting in disciplinary actions, including intimidation and threats, gang activity, assault, possession of a dangerous weapon, threatening bodily harm and destroying property. (PSR ¶ 64, 70 &73). Dobbins was on supervised release for the armed bank robbery when he committed the instant drug offense and was awaiting sentencing on that offense when he sent threatening

communications to BOP staff and stated his unwavering intent to follow through with those threats. (PSR ¶ 73 & 74).

Dobbins has done nothing but commit crimes throughout his adult life, demonstrating a complete and total disregard for the law and the rules of society. Without exception, Dobbins has committed his next criminal offense while still in custody or while on parole or supervised release for his prior felony. It is clear that the punishment he has received for his ten prior felony convictions has not succeeded in altering his criminal behavior in any way and that his history and characteristics suggest that he is guaranteed to recidivate. Therefore, the Government submits that a lengthy sentence of 201 months is necessary to deter his criminal conduct and to protect the community for as long as possible

**B. Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant.**

The 201-month sentence recommended by the United States is necessary to reflect the seriousness of the offenses and the danger inherent in an admitted high-ranking member of the Gangster Disciples and ten-time convicted felon on supervised released for a violent armed bank robbery possessing with intent to deliver over 200 grams of heroin and 90 grams of cocaine. The recommended sentence is also necessary to promote respect for the law for this defendant, who has shown none throughout his adult life. Again, the punishment he has received for his prior offenses has not succeeded in altering his criminal behavior, and the consequences in this case need to be such that he is given the message that his actions will have substantial consequences each and every time and, if not, that he is incapacitated for as long as possible.

A sentence of 201 months' imprisonment is also necessary to afford adequate deterrence to criminal conduct and protect the public from further crimes of Dobbins.  His lengthy and

violent criminal history makes it clear that Dobbins is guaranteed to reoffend. He has now been convicted of twelve felony offenses. With each conviction, Dobbins was unable to complete the sentence imposed before committing a new offense – demonstrating his complete disregard for the law.  The prior attempts to correct his behavior have not been successful and he has clearly demonstrated that the threat of additional punishment will not deter his conduct – as very clearly evidenced by the fact that while awaiting sentencing for the drug offense in this case Dobbins proudly admits that he intends to kill the first BOP employee he can get his hands on because he feels wronged by the BOP.

The **only** thing the criminal justice system can do for such an incorrigible person is to incapacitate him for as long as the law allows. By doing so, the public will be protected from further crimes of the Dobbins for as long as possible.

### C.  Need to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Although Dobbins has done little to further his education since he earned his GED or to avail himself of any of the vocational or correctional treatment available at all the prison facilities he has been to, if he desires to participate in any such programs, the Bureau of Prisons has many educational and vocational training programs available, and this may be the most effective manner in which to provide those opportunities to him.

### D.  The kinds of sentences available and the Guideline sentencing range

Dobbins faces a statutory minimum sentence of 5 years up to 20 years for possession with intent to deliver heroin and cocaine, a statutory maximum sentence of 10 years for each count of influencing a federal official by threat and mailing a threatening communication, and a statutory maximum sentence of 60 months for his violation of supervised release. The Government submits that the total applicable guideline range for case numbers 18-CR-30135 and 19-CR-30044 is  120

to 150 months' imprisonment and that the guideline range for Dobbins' supervised release violation in case number 01-CR-30026 is 51 to 60 months.  The 201-month sentence recommended by the United States is well within the statutory maximum available sentence and with the advisory guideline range.

### E.  Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

"The best way to curtail "unwarranted" disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Barlett*, 567 F.3d 901, 908 (7th Cir. 2009) (citing *United States v. Gall*, 552 U.S. 38 (2007).  The Government's recommendation is within the applicable guideline and therefore would avoid unwarranted sentencing disparities among similar defendants who have been found guilty of similar conduct.

### F.  The need to provide restitution to the victims

Restitution is not an issue in this case.

### III.   CONCLUSION

The United States respectfully submits that an analysis of the factors set forth in 18 U.S.C § 3553(a) demonstrates that Dobbins is a very dangerous person who has demonstrated a conscious and complete disregard for that law such that he must be incapacitated for as long as possible to adequately protect the public from his future crimes and to satisfy the goals of sentencing.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Ali M. Summers*
ALI M. SUMMERS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
Email: Ali.Summers@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 18-CR-30135-NJR |
| | ) | 19-CR-30044-NJR |
| | ) | |
| ANTHONY DOBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on May 30, 2019, I caused to be electronically filed

**UNITED STATES' SENTENCING MEMORANDUM**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s)

to all parties of record.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Ali M. Summers*
ALI M. SUMMERS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
618.628.3700 (telephone)
Email: Ali.Summers@usdoj.gov

10