IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY DOBBINS,<br><br>    Defendant. | Case No. 3:19-CR-30044-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a motion by Defendant Anthony Dobbins requesting a sentence reduction under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 44). The Government concedes that Dobbins is eligible for a sentence reduction under Part A of Amendment 821 but urges this Court to deny his request based on the "totality of his criminal conduct." (Doc. 45).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. These changes apply retroactively. *See* U.S.S.G. § 1B1.10(e)(2).

On April 30, 2019, Dobbins pleaded guilty to two counts of influencing a federal

officer by threat in violation of 18 U.S.C. § 115(a)(1)(B) and two counts of mailing a threatening communication in violation of 18 U.S.C. § 876(c). (Doc. 36). This Court determined that Dobbins had a total offense level of 27 and a criminal history category of 5. (Doc. 37). Dobbins was assessed 2 additional criminal history points because he committed the instant offenses while serving a term of supervised release, bringing his total criminal history points to 10.[1] (Doc. 21 at 16). At sentencing, Dobbins' guideline range was 120 to 150 months imprisonment. The statutory maximum for each count on which Dobbins pleaded guilty was 120 months. Dobbins was sentenced to 120 months imprisonment on each count, to be served concurrently. (Doc. 36).

There is no dispute that Dobbins is eligible for a sentence reduction under Part A of Amendment 821. Amendment 821 reduces Dobbins' criminal history points by 1 because he was assessed 8 criminal history points at sentencing for his prior convictions. This, in turn, reduces his total criminal history points from 10 to 9 and his criminal history category from 5 to 4. His revised guideline range is thus reduced to 100 to 125 months.

On June 5, 2019 (the same day as his sentencing in this case), Dobbins was sentenced to 150 months imprisonment in Case No. 18-CR-30135-NJR after pleading guilty to one count of Possession with Intent to Distribute Heroin and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(i). *See United States v. Dobbins*, 18-CR-30135-NJR (Doc. 45). This sentence was ordered to run concurrently with his sentence in this case. Also on that day, Dobbins was sentenced to 51 months imprisonment for his

---

[1] Dobbins was assessed 8 criminal history points at sentencing based on his prior convictions. (Doc. 21 at 16).

violation of a previously imposed term of supervised release in Case No. 01-CR-30026-NJR-01. *Id.* This sentence was ordered to be served consecutive to his 150-month sentence in Case No. 18-CR-30135-NJR. *Id.* Finally, on July 21, 2023, Dobbins was sentenced to 32 years imprisonment after pleading guilty to one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) and one count of Use of a Firearm During a Crime of Violence Resulting in Death in violation of 18 U.S.C. § 924(j), in connection with his role in the murder of Ernest "Smokey" Wilson. *See United States v. Dobbins*, 21-CR-30003-DWD (Docs. 1057 & 976).

Although Amendment 821 is retroactive, "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010). To that end, "a court may . . . grant a reduction within the amended Guidelines range *if it determines that one is warranted* "after considering the factors set forth in section 3553(a) to the extent that they are applicable."" *Id.* (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added). A sentence reduction is within the Court's sound discretion and "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence . . . and does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 background.

Here, after considering the section 3553(a) factors and the totality of Dobbins' criminal conduct, the Court concludes that a sentence reduction is not warranted. The conduct underlying his guilty plea and sentence in this case involves his threat to kill the first Bureau of Prisons employee that he could get his "uncuffed hands" on. (Doc. 21 at 6).

He further threatened to send a "shock wave" through the Bureau of Prisons by making an "example of one of [its] staff." *Id.* Dobbins is also currently serving a 32-year prison sentence for his role in the murder of Ernest Wilson and he is in line to serve a 51-month sentence consecutive to his sentence in Case No. 18-CR-30135-NJR for his violation of a previously imposed supervised release. Dobbins' conduct in this case was egregious as is the totality of his criminal conduct that has come before this Court. Bearing in mind the Court's obligation to consider the section 3553(a) factors, the seriousness of his offense, the totality of his criminal conduct, and the fact that Dobbins sentence in this case is still within the revised guideline range of 100 to 125 months, the Court finds that a sentence reduction is not warranted. *See United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) (district judges have broad discretion to consider factors relevant to sentencing determinations); *United States v. Marion*, 293 F. App'x. 731, 734 (11th Cir. 2008) (unpublished) (proper to consider defendant's criminal history when presented with motion for sentence reduction).

For these reasons, Dobbins' request for a sentence reduction (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 24, 2024

                                                                               _____
                                                                               **NANCY J. ROSENSTENGEL**
                                                                               **Chief U.S. District Judge**